UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
ENERGY BRANDS, INC. :
d/b/a GLACEAU :
: Case No. 07-10644
Plaintiff, :
: **Defendants' Answer**
vs. : **to Complaint**
:
SPIRITUAL BRANDS, INC. and :
ELICKO TAIEB :
:
Defendants. :
:
------------------------------------------------------------x

Defendants Spiritual Brands, Inc. ("Spiritual Brands") and Elicko Taieb ("Taieb"), by and through their attorneys, Zarin & Associates P.C., answer Plaintiff Energy Brands, Inc.'s ("Energy Brands") Complaint, as follows:

**NATURE OF THE ACTION**

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegation contained in paragraph 2 of the Complaint.

3. Defendants deny the allegation contained in paragraph 3 of the Complaint.

4. Defendants deny the allegation contained in paragraph 4 of the Complaint.

1

5. Defendants admit the allegation contained in paragraph 5 of the Complaint that "the religious imagery on some spiritualwater bottles shown on Defendants' website, www.spiritualh20.com is different from the cloud imagery on smartwater bottles," but deny all other allegations in this paragraph.

6. Defendants deny the allegation contained in paragraph 6 of the Complaint.

## THE PARTIES

7. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

## SMARTWATER AND ITS TRADE DRESS

13. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

## SMARTWATER'S ADVERTISING AND MARKETING

20. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

## SALES OF SMARTWATER

28. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

## DEFENDANTS' BAD FAITH

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants admit the allegation contained in paragraph 30 of the Complaint that "Zero Tolerance Entertainment filed a multi-million dollar lawsuit against Movixo in 2006 alleging copyright and trademark infringement," but deny all other allegations in this paragraph.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## LIKELIHOOD OF CONFUSION

34. Defendants deny the allegations contained in paragraph 34 of the

Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint that "bottled water is a relatively low-cost item," and that it is "placed in coolers near a store's checkout counter or at the end of aisles in grocery stores," but deny all other allegations in this paragraph.

## IRREPARABLE HARM

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

## GLACEAU'S EFFORTS TO RESOLVE THIS DISPUTE

38. Defendants admit the allegations contained in paragraph 38 of the Complaint that "Glaceau's outside counsel wrote a letter to Defendants objecting to the trade dress of its spiritualwater product," but deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegation that they did so "[i]mmediately upon learning of Defendants' conduct."

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegation contained in paragraph 40 of the Complaint that they "refused to change the bottle's trade dress," but admit the other allegations in this paragraph.

## COUNT I: TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

41. Defendants repeat and reallege each and every response contained in paragraphs 1 through 40 of this Answer as if fully set forth herein.

42. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

## COUNT II: TRADE DRESS DIULTION UNDER NEW YORK STATUTORY LAW

47. Defendants repeat and reallege each and every response contained in paragraphs 1 through 46 of this Answer as if fully set forth herein.

48. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

### COUNT III: DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK STATUTORY LAW

52. Defendants repeat and reallege each and every response contained in paragraphs 1 through 51 of this Answer as if fully set forth herein.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

### COUNT IV: UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

54. Defendants repeat and reallege each and every response contained in paragraphs 1 through 53 of this Answer as if fully set forth herein.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

2. The trademark registration Plaintiff asserts against Defendants is invalid.

#### Third Affirmative Defense

3. Defendants' have made a fair use of any their trademark.

### Fourth Affirmative Defense

4. The Court lacks subject matter jurisdiction over Plaintiff's claims.

### Fifth Affirmative Defense

5. Plaintiff is estopped from asserting its claims.

### Sixth Affirmative Defense

6. Plaintiff has waived its right to assert its claims.

### Seventh Affirmative Defense

7. Plaintiff has acquiesced in Defendants' conduct.

### Eighth Affirmative Defense

8. Plaintiff is barred from asserting its trade dress infringement claims due to its unclean hands.

WHEREFORE, Defendants demands a judgment dismissing Plaintiff's Complaint, along with an award of costs, disbursements and reasonable attorney fees, in addition to such other relief as this Court deems just and proper.

Date:   August 6, 2008                    Respectfully submitted,

_____
Scott Zarin (SZ-7134)
Zarin & Associates P.C.
1775 Broadway, Suite 2300
New York, NY 10019
Tel:    (212) 580-3131
Fax:    (212) 580-4393
scottzarin@copyrightrademarkcounsel.com

Attorneys for Defendants
Elicko Taieb
Spiritual Brands, Inc.